FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 14, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br>    v.<br>JUAN CARLOS AYALA-MARTINEZ,<br>    Defendant. | No. 1:15-CR-2071-SAB-1<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION** |

    Before the Court is Defendant's Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A), Compassionate Release and the First Step Act, ECF No. 360. The United States is represented by Benjamin Seal. Defendant is representing himself. The motion was heard without oral argument.

    In 2015, Defendant plead guilty to Conspiracy to Distribute Methamphetamine, resulting in a sentence of 120 months custody and 4 years supervised release. Defendant is presently incarcerated at CI Reeves III, a contracted correctional institution, operated by a private corporation in Pecos, Texas. Having reviewed the motion, the United States' Response, and the relevant law, the Court **denies** the Defendant's motion.

//

//

//

**ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION** ~ 1

# Motion Standard

18 U.S.C. § 3582(c)(1)(A) states:

> The court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that-
> (i) extraordinary and compelling reasons warrant such a reduction; or
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

USSG § 1B1.13, cmt. n.1, provides four categories of "Extraordinary and compelling reasons," that would meet the requirements of § 3582(c) if Defendant is not a danger to the safety of any other person or to the community:

> (1) Medical Condition of the Defendant
>    (i) The defendant is suffering from a terminal illness
>    (ii) The defendant is
>    - suffering from a serious physical or medical condition;
>    - suffering from suffering from a serious functional or cognitive impairment; or
>    - experiencing deteriorating physical or mental health because of the aging process
>    
>    that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from

**ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION** ~ 2

    which he or she is not expected to recover.
(2) Age of the Defendant. The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
(3) Family Circumstances
  (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
  (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
(4) Other Reasons. As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

  Recently, in *United States v. Aruda*, the Ninth Circuit held that because the Sentencing Commission has not updated § 1B1.13 since the First Step Act amended § 3582(c)(1)(A), "[t]he Sentencing Commission's statements in USSG § 1B1.13 may inform a district court's discretion for USSG § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." 993 F.3d 797, 802 (9th Cir. 2021).

## Discussion

  Here, it appears that Defendant has exhausted his administrative remedies and the United States is not challenging the exhaustion requirement.

  Defendant argues extraordinary and compelling reasons exist because he is suffering from a serious physical or medical condition or may suffer from such a condition if he contracts COVID-19 in prison. He asserts that his health conditions make him more vulnerable to serious complications from COVID-19 than a healthy person, although he does not explain what those specific health conditions are. He also relies on the susceptibility of inmates to COVID infection due to prison conditions.

  Here, the Court declines to exercise its discretion to grant Defendant's motion. Defendant provided minimal evidence regarding his own health condition

**ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION** ~ 3

and risks and did not identify any specific health concerns that would constitute extraordinary or compelling circumstances. Furthermore, the susceptibility of inmates to COVID infection due to prison conditions does not establish an extraordinary and compelling reason for sentence reduction. Finally, although USSG § 1B1.13 is not binding on the Court, the fact that Defendant meets none of the four categories is persuasive evidence that Defendant is not entitled to a sentence reduction.

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant's Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A), Compassionate Release and the First Step Act, ECF No. 360, is **DENIED**.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and provide copies to Defendant and counsel.

**DATED** this 14th day of July 2021.



_____
Stanley A. Bastian
Chief United States District Judge

**ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION** ~ 4